Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------X

MARCOS CAZAREZ,

                *Plaintiff*,

-against-

T&T 130 PIZZA CORP. (d/b/a Bella Napoli)
and TONY RUSSO

                *Defendants.*

---------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Civil Action: 20-cv-5545

MARCOS CAZAREZ ("Plaintiff") by and through his attorney, Colin Mulholland, Esq., upon his knowledge and belief, and as against T&T 130 PIZZA CORP. (D/B/A BELLA NAPOLI) and TONY RUSSO (collectively, "Defendants"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff is a former employee of Bella Napoli at 130 Madison Avenue New York, NY 10016 that was owned and operated by Defendants TONY RUSSO and T&T 130 PIZZA CORP. (D/B/A BELLA NAPOLI).

2. Defendants own, operate, and/or controlled Bella Napoli at 130 Madison Avenue New York, NY 10016.

3. Plaintiff was employed by Defendants as a cook, delivery person and general laborer.

1

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for the hours he worked each week.

5. Further, Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours per day.

6. Plaintiff now brings this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and the "spread of hours" and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

*Plaintiff*

9. Plaintiff MARCOS CAZAREZ ("Plaintiff CAZAREZ") is an adult individual residing in KINGS COUNTY, New York. Plaintiff CAZAREZ was employed by Defendants at Bella Napoli from April 2016 until May 11th, 2019.

*Defendants*

10. T&T 130 PIZZA CORP. (D/B/A BELLA NAPOLI) is a domestic corporation organized and existing under the laws of the state of New York. Upon information and belief, it maintains its principal place of business at 130 Madison Avenue New York, NY 10016.

11. Defendant TONY RUSSO is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant TONY RUSSO is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

12. Defendant TONY RUSSO possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

13. Defendant TONY RUSSO is the owner of T&T 130 Pizza Corp. and has regularly represented himself as such to Plaintiff.

14. Defendant RUSSO is the principal for Bella Napoli's liquor license.

15. Defendant RUSSO had the power to hire and fire employees, actively supervised the hiring and firing of employees, determined their rates of pay, and dictated other terms of their employment.

16. Defendant RUSSO directly hired and fired Plaintiff.

17. Defendant RUSSO determined the rate of pay for Plaintiff.

18. Defendant RUSSO established Plaintiff's working hours.

19. Defendant RUSSO paid Plaintiff.

20. Defendant RUSSO reviewed and controlled the financial records for Bella Napoli including payroll records.

## FACTUAL ALLEGATIONS

21. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

22. Upon information and belief, in each year from 2016 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

23. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous food and cleaning items were used and sold daily at Bella Napoli, such as vegetables, flour, eggs, milk, cheese, tomato sauce, meats, and beverages, cleaning supplies, were produced outside the State of New York.

24. Plaintiff individually engaged in interstate commerce.

*Plaintiff MARCOS CAZAREZ*

25. Plaintiff CAZAREZ was employed by Defendants from approximately April 2016 to May 11th, 2019.

26. Throughout his employment with defendants, Plaintiff CAZAREZ was employed at the Bella Napoli as a cook, delivery person and general laborer.

27. Plaintiff CAZAREZ regularly handled goods in interstate commerce, such as food and other supplies produced outside the state of New York.

28. Plaintiff CACERES' work duties required neither discretion nor independent judgment.

29. Plaintiff CAZAREZ regularly worked in excess of 40 hours per week.

30. Plaintiff CAZAREZ typically worked six (6) days per week at the following schedule:

      a. Monday – 10 A.M. to between 11 P.M. and 12 A.M.

      b. Tuesday – 10 A.M. to 11 P.M.

      c. Wednesday – 10 A.M. to 11 P.M.

      d. Thursday – 10 A.M. to 11 P.M.

      e. Friday – 10 A.M. to between 4 P.M. and 6 P.M

      f. Saturday – 10 A.M. to between 11 P.M. and 12 A.M.

      g. Sunday – Typical Day Off

31. Defendants paid Plaintiff $10.25 per hour from the beginning of his employ until approximately January 2018 when Defendant began to pay him $11.25 per hour.

32. Defendants did not pay Plaintiff a premium for his overtime hours.

33. Defendants directed Plaintiff to spend more than 20% of his time doing non-tipped work such as food preparation, breaking down and organization of merchandise deliveries and cleaning tasks within the restaurant.

34. Plaintiff spent between one and two hours every morning, in addition to two to three hours, in the afternoon performing tasks in the kitchen including the preparation of pizza sauce, mixing the dough, chopping vegetables used for pizza toppings, performing laborious cleaning/maintenance tasks for the kitchen equipment and organizing inventory in the coolers, *inter alia*.

35. Defendants forced the Plaintiff to utilize two separate PIN numbers in a time keeping system in order to hide the true number of hours worked by Plaintiff.

36. Defendants regularly withheld tips from Plaintiff by simply paying Plaintiff for as little as half of the tips collected throughout the week on delivery orders.

37. Defendants regularly charged delivery fees that a reasonable customer would interpret as a gratuity and such delivery fees were not distributed to Plaintiff for deliveries he performed.

38. Defendants paid Plaintiff in a mixture of cash and check.

39. No proper notification was given to Plaintiff CAZAREZ regarding overtime and minimum wages under the FLSA and NYLL.

40. Defendants never provided Plaintiff CAZAREZ with each payment of wages a proper statement of wages, as required by NYLL 195(3).

41. Defendants never provided Plaintiff CAZAREZ, a proper notice in English and in Spanish (Plaintiff CAZAREZ' primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

42. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

43. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

44. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

45. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

46. Plaintiff was individually engaged in interstate commerce.

47. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

48. Plaintiff was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

49. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of his employment and had the power to determine the rate and method of any compensation in exchange for his employment.

51. At all times relevant to this action, Defendants were engaged in interstate commerce or in an industry or activity affecting interstate commerce.

52. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

53. Plaintiff was individually engaged in interstate commerce.

54. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

55. Defendants' failure to pay Plaintiff at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

56. Plaintiff was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

57. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

58. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

59. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

60. Plaintiff was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## NEW YORK STATE LAW MINIMUM WAGE CLAIM

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. At all times relevant to this action, Defendants were Plaintiff's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

63. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff less than the minimum wage.

64. Defendants' failure to pay Plaintiff the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

65. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

66. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

67. Defendants failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate or prevailing regular rate of pay before allowances for each day Plaintiff's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.* and 650 *et seq.* and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

68. Defendants' failure to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded ten hours was willful not in good faith within the meaning of New York Lab. Law § 663.

69. Plaintiff was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

70. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

71. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

72. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

### SEVENTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

73. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

74. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

75. Defendants are liable to Plaintiff in the amount of $5,000 each, together with costs and attorneys' fees.

### EIGHTH CAUSE OF ACTION

### UNLAWFUL TIP RETENTION UNDER THE FLSA

76. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants misappropriated portions of Plaintiff's gratuities.

78. Defendants mischaracterized delivery fees to customers such that those fees would appear to a reasonable customer to be gratuities intended for service staff

79. Such misappropriation was willful and not in good faith.

80. Plaintiff was damaged in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

### UNLAWFUL TIP RETENTION UNDER THE NYLL

81. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

82. Defendants misappropriated portions of Plaintiff's gratuities.

83. Defendants mischaracterized service fees to customers such that those fees would appear to a reasonable customer to be gratuities intended for service staff

84. Such misappropriation was willful and not in good faith.

85. Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the overtime wage and minimum wage provisions of and associated rules and regulations under the FLSA as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of and associated rules and regulations under the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid overtime wages, minimum wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of his

damages for the amount of unpaid minimum wages and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Awarding Plaintiff his misappropriate gratuities under the FLSA and NYLL including applicable liquidated damages and interest;

(g) Declaring that Defendants violated the overtime wage and minimum wage rules and orders promulgated under the NYLL as to Plaintiff;

(h) Declaring that Defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(i) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(j) Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

(k) Awarding Plaintiff damages for the amount of unpaid overtime wages, minimum wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(l) Awarding Plaintiff any and all withheld gratuities under the FLSA and/or NYLL including applicable liquidated damages and interest;

(m) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(n) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be

owed pursuant to NYLL § 663 and Article 6 as applicable;

(o)   Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(p)   Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(q)   Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(r)   Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s)   All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Queens, New York
       July 17th, 2020

By:   */s/ Colin Mulholland*
      Colin Mulholland, Esq.
      30-97 Steinway, Ste. 301-A
      Astoria, New York 11103
      Telephone: (347) 687-2019
      *Attorney for Plaintiff*