UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARCOS CAZAREZ,

                    Plaintiff,

                v.

T&T 130 PIZZA CORP. (d/b/a BELLA NAPOLI) and
TONY RUSSO,

                    Defendants.

No. 20-CV-5545 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

    Plaintiff Marcos Cazarez filed this action on July 17, 2020 against his former employers Defendants T&T 130 Pizza Corp. d/b/a Bella Napoli and its owner Tony Russo for unpaid wages and related relief pursuant to the Fair Labor Standards Act and the New York Labor Law. ECF No. 1. On December 10, 2021, this Court granted Plaintiff's motion for default judgment and referred the matter to Magistrate Judge Moses for an inquest into damages and attorneys' fees. *See* ECF Nos. 25–26. Plaintiff has sought $173,037.47 in damages, $5,390.00 in attorneys' fees and costs, and prejudgment interest. ECF No. 29 ¶¶ 108–09, 113–14. On February 26, 2025, Judge Moses issued a Report & Recommendation (the "Report"), recommending a total award of $127,396.48, as well as prejudgment interest. ECF No. 32, at 24.[1] The Court adopts the Report in its entirety.

    A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Within fourteen days after

---

[1] The Report further directed the Clerk of Court to mail a copy of the Report to both Defendants. On March 10, 2025, the mailing addressed to Defendant T&T 130 Pizza Corp. was returned to sender due to an insufficient address. "As a business registered to do business in New York, [Defendant] is obligated to keep the Secretary of State apprised of an address at which it may be served process." *Korean Trade Ins. Corp. v. Eat It Corp.*, No. 14–CV–3456 (MKB), 2015 WL 1247053, at *2 n.1 (E.D.N.Y. Mar. 16, 2015) (citing N.Y. Bus. Corp. Law § 408). The Report was mailed to Defendant T&T 130 Pizza Corp. at its last known address, which is the same address as is on file with the New York Secretary of State. *See* Dep't of State Div. of Corps., *Corporation and Business Entity Database*, https://apps.dos.ny.gov/publicInquiry (last visited Mar. 31, 2025). "Thus, [Defendant] was properly served in this action." *Korean Trade Ins. Corp.*, 2015 WL 1247053, at *2 n.1 (citing N.Y. Bus. Corp. Law § 306(b)(1)). Furthermore, Defendant has been served with prior filings in this action, *see* ECF No. 32, at 3–4, and the Report sent to the address of the owner of corporate Defendant T&T 130 Pizza Corp., Defendant Russo, was not returned.

being served with a copy [of a report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *Id.*; *see also* Fed. R. Civ. P. 72(b). Where no timely objection has been made to a magistrate's report and recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

Although the Report provided that the parties would have fourteen days from its issuance to file written objections, ECF No. 32, at 25, no party has done so. Having conducted a careful review of the record and examined the Report for clear error, the Court accordingly adopts Judge Moses's Report in its entirety. Consistent with the Report, Plaintiff shall be awarded against Defendants, jointly and severally: $122,271.48 in damages; $4,725 in attorneys' fees; $400 in costs; and prejudgment interest at a rate of $15.07 per day from October 20, 2017 to the date of entry of judgment, amounting to $40,975.33 ($15.07 x 2,719 days). In total, Plaintiff shall be awarded $168,371.81.

Finally, the parties' failure to timely object to the Report "operates as a waiver" and precludes appellate review of this decision. *Kashelkar v. Vill. of Spring Valley*, 320 F. App'x 53, 54 (2d Cir. 2009) (summary order) (citing *DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000)); *see also* ECF No. 32, at 26 ("Failure to file timely objections will result in a waiver of such objections and will preclude appellate review.").

SO ORDERED.

Dated:   March 31, 2025
         New York, New York

_____
Ronnie Abrams
United States District Judge